# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MARK ANTHONY PAWLICKI,**

  **Plaintiff,**

  v.            Case No. 13-CV-47

**HERBERT G. ROEHRICH, MD,**
**KENETH H. SMAIL, PHD,**
**SAMUEL H. FRIEDMAN, PHD,**
**and FREDERICK A. FOSDAL, MD,**

  **Defendants.**

## SCREENING ORDER

  Plaintiff, who is incarcerated at Wisconsin Resource Center, filed a pro se complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

  Plaintiff alleges that, in 2001, forensic psychiatrists (presumably the defendants) examined him but failed to recognize that he had a brain injury. He seems to allege that they failed to perform an adequate mental evaluation. The relief he requests is to have a private doctor perform a CT scan and provide other forms of medical care. These allegations do not state claims for relief under 42 U.S.C. § 1983. Although it is possible

that plaintiff is attempting to state an Eighth Amendment deliberate indifference claim challenging the medical care he received while at the Wisconsin Resource Center, he has not alleged that any of the named defendants are or were involved in his treatment at the Wisconsin Resource Center. Rather, it appears that the defendants were mental-health professionals who examined plaintiff for purposes relating to the criminal case that led to his confinement at the Wisconsin Resource Center.[1] Thus, the defendants do not appear to be proper defendants to any deliberate indifference claim. In any event, the plaintiff's claims against the named defendants are clearly barred by claim preclusion. On September 29, 2011, another judge of this court dismissed a complaint filed by the plaintiff that is in all material respects identical to the complaint filed in the present case for failure to state a claim on which relief may be granted and entered final judgment on the merits. See E.D. Wis. Case No. 10-C-0904, ECF Nos. 23 & 24. All of the named defendants in the present case were named defendants in that case. Thus, the present case must be dismissed. See Gleash v. Yuswak, 308 F.3d 758, 760 (7th Cir. 2002).

**IT IS THEREFORE ORDERED** that the complaint and this action are **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim on which relief may be granted.

---

[1] According to the Wisconsin Court System's Circuit Court Access, plaintiff was charged with burglary and other crimes in July 2001. He pleaded guilty and was sentenced in November 2002. In a previous civil case filed in the Eastern District of Wisconsin, plaintiff filed reports prepared by the named defendants in connection with the criminal case. See E.D. Wis. Case No. 10-C-904, ECF No. 19. From these reports, it appears that defendants Roehrich and Friedman examined the plaintiff at the request of his defense counsel, that defendant Fosdal examined the plaintiff at the request of the prosecutor, and that defendant Smail examined the plaintiff at the request of the court.

2

Case 2:13-cv-00047-LA    Filed 04/15/13    Page 2 of 4    Document 16

**IT IS FURTHER ORDERED** that plaintiff's motion to consolidate cases (Docket #13) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from plaintiff's prison trust account the $341.17 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Dated at Milwaukee, Wisconsin, this 15th day of April, 2013.

                                      s/ Lynn Adelman
                                      _____
                                      LYNN ADELMAN
                                      District Judge